IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                              NO.  CR 03-1832 RB

MARCELLO JIMENEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Marcello Jimenez's ("Mr. Jimenez") objections to the presentence report ("PSR") prepared by the Probation Office for Mr. Jimenez's sentencing. For the following reasons, I adopt the findings in the PSR, OVERRULE Mr. Jimenez's objections, and hereby sentence Mr. Jimenez to 235 months in the custody of the Bureau of Prisons.

**I. Background.**

On April 16, 2004, a jury found Mr. Jimenez guilty of both counts in the Superseding Indictment issued against him: felon in possession of firearms and felon in possession of ammunition. Mr. Jimenez has an extensive criminal history that includes four convictions for sentencing purposes, as follows: Mr. Jimenez was sentenced to 18 months for burglary twice, in 1988 and 1996, he was sentenced to 18 months for commercial burglary in 1989, and he was sentenced to 3 years for escape from an inmate release program in 1989.

In calculating his sentence, the PSR listed Jimenez's total offense level at 33 based on the Armed Career Criminal provision of the Federal Sentencing Guidelines. Pursuant to U.S.S.G. § 4B1.4(a), a defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C.

§ 924(e) is considered an armed career criminal. Under Section 4B1.4(b)(3)(B) of the Guidelines, this produces a total offense level of 33. Combined with a criminal history category of VI, the Guidelines generate a sentence of 235-293 months for Mr. Jimenez.

Mr. Jimenez makes three objections to the PSR. First, he argues that the Court would commit error under the Supreme Court's ruling in *United States v. Booker* if it enhanced Mr. Jimenez's sentence based on his prior convictions or the amount of firearms he possessed because the jury never made an explicit finding of fact on the number of guns Mr. Jimenez possessed. Second, Mr. Jimenez argues that the Armed Career Criminal provision of the Guidelines does not apply since neither his prior conviction for commercial burglary or the conviction for escape constitute "crimes of violence" under the Guidelines. Third, Mr. Jimenez argues that the guns he possessed fall under the Guidelines' exception for firearms used solely for sporting purposes or collection and alternatively asks the Court to exercise its discretion and depart from the sentencing range generated by the Guidelines. I will address each of these objections in turn.

## II. Analysis.

First, Mr. Jimenez contends that the Court can not use his prior convictions to enhance his sentence. Although the Superceding Indictment charged him with several previous convictions, Mr. Jimenez only stipulated to one prior conviction at trial. The Supreme Court in *Booker* held that "[a]ny fact *(other than a prior conviction)* which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *United States v. Booker*, 125 S.Ct. 738, 756 (2005) (emphasis added). This argument is without merit.

As the *Booker* court made clear, prior convictions are exempted from the requirement of a

2

jury finding. *See also United States v. Moore*, 401 F.3d 1220, 1223-24 (10th Cir. 2005) (holding that whether a defendant who pleaded guilty to being a felon in possession of firearms had been convicted of three or more prior felonies, subjecting the defendant to an enhanced sentence, were not facts that were required to be charged in an indictment or submitted to a jury and proved beyond a reasonable doubt even after *Booker*). Because the Government did not have to prove Jimenez's prior convictions to a jury beyond a reasonable doubt, his objection to the use of his prior convictions for purposes of enhancing his sentence is OVERRULED.

Mr. Jimenez's objection regarding a sentencing enhancement based on the number of weapons he possessed, however, may be valid. Although the jury convicted him of felon in possession of firearms, it never made an explicit finding as to the number of weapons Mr. Jimenez possessed. Pursuant to U.S.S.G. § 2K2.1(b)(1)(B), a defendant is subject to a 4-level enhancement for possessing anywhere from 8 to 24 firearms. The PSR alleges that this enhancement is proper because Mr. Jimenez constructively possessed 10 firearms. *Booker* may prohibit judicial fact-finding of this sentencing enhancement. Whether this objection is valid, however, is irrelevant in light of the Guidelines' Armed Career Criminal provision.

Mr. Jimenez qualifies as an armed career criminal under the Guidelines. Whether a defendant qualifies as a career offender under the Guidelines is a question of law that can properly be determined by the sentencing judge. *Moore*, 401 F.3d at 1224. U.S.S.G. § 4B1.4(a) provides that a defendant "who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal." Under 18 U.S.C. § 924(e)(1), a defendant is subject to an enhanced sentence if the instant offense of conviction violates 18 U.S.C. § 922(g) and the defendant has at least three prior "violent felony" convictions.

A jury convicted Mr. Jimenez of felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g).  Moreover, Mr. Jimenez has four prior convictions that meet the definition of "violent felony" in 18 U.S.C. § 924(e)(2).  Section 924(e)(2) defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that is burglary . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . ."  Section 924(e)(2) makes no distinction between different types of burglary offenses, such as commercial burglary and burglary of a dwelling.  Including his prior conviction for commercial burglary, therefore, Mr. Jimenez has three prior burglary convictions that qualify as violent felonies under Section 924(e)(2).  *See also United States v. Lujan*, 9 F.3d 890, 893 (10th Cir. 1993) (holding that a conviction for burglary in New Mexico qualifies as a "violent felony" for purposes of the Armed Career Criminal Act).

In addition, Mr. Jimenez has a prior escape conviction that constitutes a violent felony for purposes of Section 924(e)(2).  The Tenth Circuit has held that a conviction for escape, by its nature, involves "conduct that present[s] a serious potential risk of physical injury."  *United States v. Mitchell*, 113 F.3d 1528, 1533 (10th Cir. 1997).  Section 924(e)(2) defines violent felony as "any crime" that "involves conduct that presents a serious potential risk of physical injury to another."  Mr. Jimenez's prior escape conviction, therefore, constitutes a "violent felony" for purposes of the Armed Career Criminal provision of the Guidelines.

With four prior convictions that constitute violent felonies under 18 U.S.C. § 924(e)(2), Mr. Jimenez qualifies for sentencing as an armed career criminal under Section 4B1.4 of the Guidelines.  As this provision of the Guidelines makes clear, "the definitions of 'violent felony' . . . in 18 U.S.C. § 924(e)(2) are not identical to the definitions of 'crime of violence' used in § 4B1.1(Career

4

Offender) . . . ." U.S.S.G. § 4B1.4, comment. (n.1). Mr. Jimenez's argument that his prior convictions do not constitute "crimes of violence" for purposes of a sentencing enhancement fails to appreciate this critical distinction.

Having committed four violent felonies under 18 U.S.C. § 924(e)(2), a total offense level of 33 is appropriate. U.S.S.G. § 4B1.4(b)(3)(B). Mr. Jimenez's third objection to the PSR, which alleges that the firearms he possessed fall under the exception for firearms used for sporting purposes, is also OVERRULED because any enhancement he received for possessing firearms did not bring his total offense level up to 33, the level generated by the Armed Career Criminal provision of the Guidelines.

Mr. Jimenez makes a final request of the Court to exercise its discretion and depart from the sentencing range generated by the Guidelines. Mr. Jimenez has an extensive criminal history that includes 15 criminal history points, which places him in a criminal history category of VI under the Guidelines. If ever there was an offender who qualifies for the Guidelines' Armed Career Criminal provision, it is Mr. Jimenez. I believe that the Guidelines' advisory range is reasonable as applied to Mr. Jimenez and therefore decline to depart therefrom.

I adopt the findings in the PSR and find that Mr. Jimenez's total offense level is 33 pursuant to U.S.S.G. § 4B1.4(b)(3)(B). I find that Mr. Jimenez has 15 criminal history points, which establishes a criminal history category of VI. Based on a total offense level of 33 and a criminal history category of VI, the Guidelines generate a sentencing range of 235 to 293 months.

Finding no reason to depart from the range generated by the Guidelines, I hereby sentence Mr. Jimenez to 235 months in the custody of the Bureau of Prisons.

_____

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**